RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0015p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────────

ERICK MANNERS,

               *Petitioner-Appellant*,

   *v.*

UNITED STATES OF AMERICA,

               *Respondent-Appellee*.

No. 17-1171

─────────────────

On Remand from the Supreme Court of the United States.

United States District Court for the Eastern District of Michigan at Detroit;
Nos. 2:06-cr-20465-4; 2:16-cv-12486—Nancy G. Edmunds, District Judge.

Decided and Filed:  January 13, 2020

Before:  SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

─────────────────

#### COUNSEL

─────────────────

**ON BRIEF:**  Colleen P. Fitzharris, FEDERAL COMMUNITY DEFENDER, Detroit, Michigan, for Appellant.  Shane N. Cralle, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

─────────────────

#### OPINION

─────────────────

    KAREN NELSON MOORE, Circuit Judge.  This case is before us on remand following the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  Petitioner Erick Manners argues that his conviction under 18 U.S.C. § 924(c) must be vacated because the predicate offense, 18 U.S.C. § 1959(a)(3), is not a "crime of violence" for purposes of § 924(c).

We disagree, and we **AFFIRM** the judgment of the district court denying Manners's motion to vacate.

## I. BACKGROUND

In 2011, Manners pleaded guilty to two counts: 1) assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3), and 2) use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). The district court sentenced him to eighteen months of imprisonment on the first count and 120 months on the second count, to be served consecutively.

In 2016, Manners filed a motion to vacate under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argued that 1) his conviction under § 924(c) could not be based on the statute's residual clause because *Johnson* invalidated a similar residual clause in the Armed Career Criminal Act ("ACCA"), and 2) his predicate offense did not have as an element the use, attempted use, or threatened use of physical force, so this offense could not fall under § 924(c)(3)'s elements clause. The district court denied Manners's motion, explaining that it was bound by this court's holding that *Johnson* did not invalidate § 924(c)(3)'s residual clause. *See United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016), *abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019). The district court held in the alternative that Manners's argument about the inapplicability of § 924(c)(3)'s elements clause to his predicate offense was without merit.

We affirmed the district court's denial of Manners's motion to vacate, relying on then-binding precedent in *Taylor*. *Manners v. United States*, No. 17-1171, 2017 WL 3613308, at *2 (6th Cir. Aug. 22, 2017) (order), *vacated*, 139 S. Ct. 56 (2018) (mem.). We did not address the district court's alternative holding that Manners's conviction qualified as a crime of violence under § 924(c)(3)'s elements clause. *Id.*

Manners thereafter petitioned the Supreme Court for a writ of certiorari, and the Court granted the petition and remanded the case for further consideration in light of *Sessions v. Dimaya*, which held that the residual clause of 18 U.S.C. § 16 was unconstitutionally vague. 138 S. Ct. at 1223. After the Supreme Court remanded this case to us, it expressly determined that

§ 924(c)(3)'s residual clause, 18 U.S.C. § 924(c)(3)(B), also was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

## II. DISCUSSION

In light of the Supreme Court's invalidation of the residual clause in 18 U.S.C. § 924(c)(3), we must determine whether Manners's predicate offense is a "crime of violence" under § 924(c)(3)'s elements clause. The district court held that it was, *Manners v. United States*, No. 06-20465, 2016 WL 4801238, at *2 (E.D. Mich. Sept. 14, 2016), and we review this determination de novo, *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013).

"We use a 'categorical approach' to determine whether an offense constitutes a 'crime of violence' for purposes of § 924(c)(3)." *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). Under this approach, we "focus[] on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *Denson*, 728 F.3d at 607. "Courts use 'a variant of this method—labeled (not very inventively) the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute,"' which 'sets out one or more elements of the offense in the alternative.'" *Id.* at 608 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

The parties agree that 18 U.S.C. § 1959(a) is divisible, and we conclude that it sets forth the separate offense of assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3). Section 1959(a)(3) provides as follows:

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished--
>
> . . . .

(3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both.

*Id.* This statute is "divisible" into different substantive offenses because it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). We know that this statute lists elements in the alternative because its various subsections carry different punishments, and "[i]f statutory alternatives carry different punishments, then . . . they must be elements." *Id.* at 2256. The relevant predicate offense is thus 18 U.S.C. § 1959(a)(3), which requires proof that the defendant committed 1) an assault 2) with a dangerous weapon 3) in furtherance of racketeering activity.

Our task is to determine whether this offense is categorically a "crime of violence" for purposes of 18 U.S.C. § 924(c), the independent, substantive criminal offense of which Manners was convicted. Section 924(c)(1)(A) provides felony punishment for "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). In turn, § 924(c)(3)(A)—the elements clause—defines a "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see also Rafidi*, 829 F.3d at 445–46 (applying *Johnson*'s definition of "physical force" in the ACCA context to the definition of "crime of violence" in § 924(c)(3)(A)). We must, therefore, determine whether assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3), categorically involves the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person.

The main dispute in this case is whether the "dangerous weapon" part of "assault with a dangerous weapon in aid of racketeering"—the predicate offense of which Manners was convicted—necessarily renders this offense a crime of violence. In other words, it is a dispute

over whether to apply, in the context of § 924(c)(3)(A), the "deadly weapon rule," which states: "When a felony must be committed with a deadly weapon and involves some degree or threat of physical force, it is a crime of violence under the elements clause." *United States v. Burris*, 912 F.3d 386, 405 (6th Cir.) (en banc) (quoting *United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017)), *cert. denied*, 140 S. Ct. 90 (2019).

Manners advances two principal arguments for why the deadly weapon rule should not apply here. First, he argues that for convictions under § 924(c), "[t]he definition of 'crime of violence' would have little meaning if the government could prove the crime-of-violence element at the same time as it proves the use/possession element of the offense." Appellant Br. at 31. Here, Manners refers to the dual requirements in § 924(c)(1)(A) that the individual both commit a crime of violence (or drug trafficking) and that during and in relation to such crime, he use, carry, or possess a firearm. 18 U.S.C. § 924(c)(1)(A). Second, he argues that this court is not bound by its prior opinions applying the deadly weapon rule because a) no panel of this court has "considered the textual point Mr. Manners now raises" about avoiding a synthesis of the two elements of § 924(c)(1)(A), and b) most of this court's opinions applying the deadly weapon rule involved interpretations of ACCA or the career-offender provisions of the Sentencing Guidelines, which "differ significantly from § 924(c), which defines a substantive criminal offense." Reply at 8–9.

Binding precedent from this court forecloses Manners's arguments. In *United States v. Rafidi*, we analyzed an issue indistinguishable from this one: Whether the "crime of violence" element of § 924(c)(3) could be satisfied by a predicate offense, 18 U.S.C. § 111(b), that required proof of forcible assault and use of a deadly or dangerous weapon during the commission of the assault. 829 F.3d at 443–45. We specifically considered whether the deadly or dangerous weapon element in 18 U.S.C. § 111(b) necessarily made the offense a crime of violence. *Id.* at 445. We held that "if a defendant commits a violation of [18 U.S.C.] § 111 through intentionally causing physical contact with the federal officer—even if this physical contact is not in itself 'capable of causing physical pain or injury'—§ 111(*b*)'s additional required element of using a deadly weapon during this encounter would elevate this lower degree of physical force into 'violent force' sufficient to establish § 111(b) as a 'crime of violence.'" *Id.*

at 446 (quoting *Johnson*, 559 U.S. at 140). More recently, in *Knight v. United States*, we applied *Rafidi* to hold that the aggravated offense within 18 U.S.C. § 2114(a)—which sets forth an increased punishment for putting an assault victim's life in jeopardy by use of a dangerous weapon—was categorically a crime of violence under § 924(c)(3)(A). 936 F.3d 495, 498–99 (6th Cir. 2019). Our reasoning was similar to that of *Rafidi*: Because the underlying offense "require[d] at least some force or threatened use of force, . . . the use of a dangerous weapon to put the victim's life in jeopardy transforms the force into violent physical force." *Id.* at 500.

This case presents identical considerations. Like the predicate offenses in *Rafidi* and *Knight*, Manners's predicate offense "ha[s] as an element some degree of, or the threat of, physical force in the more general sense," *Rafidi*, 829 F.3d at 446 (alteration in original) (quoting *United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012)). Also like the predicate offenses in *Rafidi* and *Knight*, Manners's offense requires proof that it was committed with a dangerous weapon.[1] In light of these two published decisions, which "remain[] controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision[s]," *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), Manners cannot avoid the conclusion that the dangerous weapon element of § 1959(a)(3) "elevate[s]" even the most minimal type of assault into "violent force" sufficient to establish this offense as a "crime of violence," *Rafidi*, 829 F.3d at 446.

The result would be no different if we could look past binding precedent and consider Manners's textual argument about preserving the independent meanings of § 924(c)(1)(A)'s two basic elements (the crime-of-violence element and the firearm element). This court's repeated application of the "deadly weapon rule" in the context of § 924(c)(3)(A)—holding that use of a firearm during an assault is always a crime of violence—does not "render[] the second element [of § 924(c)(1)(A)] superfluous." Reply at 3. This is because "the cardinal rule of statutory

---

[1]Manners does not argue that *Knight* is distinguishable because the predicate offense in that case, 18 U.S.C. § 2114(a), additionally required the use of the dangerous weapon to "put [the victim's] life in jeopardy." 18 U.S.C. § 2114(a). We do not consider this argument given that the predicate offense in *Rafidi*, which preceded *Knight* and controls here, did not include this requirement and we still concluded that the offense constituted a crime of violence.

interpretation that no provision should be construed to be entirely redundant," *Kungys v. United States*, 485 U.S. 759, 778 (1988) (plurality opinion), is not violated when the relevant provision "still has work to do" under its challenged construction, *Nielsen v. Preap*, 139 S. Ct. 954, 969 (2019).  Here, the relevant provision (the firearm element of § 924(c)) "still has work to do" even when, in some cases, it is satisfied by the same thing that satisfies the neighboring, crime-of-violence provision; that is, it ensures that only an individual committing a crime of violence (or drug trafficking) who "uses or carries a firearm, or who, in furtherance of [a crime of violence or drug trafficking crime], possesses a firearm" can be convicted of this independent criminal offense.  18 U.S.C. § 924(c)(1)(A).  Manners's case is simply one in which the predicate offense happens to satisfy both prongs of § 924(c)(1)(A).  This does not trigger the canon against surplusage.

Manners's conviction under 18 U.S.C. § 1959(a)(3) thus constitutes a "crime of violence" within the meaning of § 924(c)(3)(A), and the district court did not err in denying his motion to vacate his conviction for the latter offense.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.