NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0424n.06

No. 21-3896

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Oct 21, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| JACKIE MITCHELL, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Jackie Mitchell appeals his sentence for

his convictions under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 26 U.S.C. § 5861(d). Mitchell argues

that his prior felony convictions of domestic violence are not violent felonies or crimes of violence

under 18 U.S.C. § 924(e) and § 4B1.1 of the U.S. Sentencing Guidelines because the statute allows

for the possibility of a conviction without having committed violent force. Sixth Circuit precedent

holds otherwise, so we **AFFIRM** Mitchell's sentence.

## I. BACKGROUND

On November 10, 2020, a federal grand jury indicted Mitchell on one count of possessing

a firearm despite prior felony convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

and one count of possessing an unregistered short-barrel shotgun, in violation of 26 U.S.C.

§ 5861(d). R. 1 (Indictment) (Page ID #1–3). The indictment identified as previous felonies three

domestic-violence convictions, one cocaine-trafficking conviction, and three counts of assault. *Id.*

¶ 1 (Page ID #1). Mitchell pleaded guilty to all counts without a plea agreement. R. 44 (Plea Hr'g Tr. at 35) (Page ID #217).

The Presentence Investigation Report ("PSR") submitted to the district court identified four "prior violent felony convictions" of domestic violence under Ohio Revised Code § 2919.25(A). R. 27 (PSR ¶ 28) (Page ID #106). Because Mitchell was (1) at least eighteen years old at the time of his arrests and convictions for each domestic-violence felony, (*id.* ¶¶ 39, 48, 52, 60 (Page ID #108, 111, 113, 118)), (2) awaiting sentencing for a felon-in-possession conviction, and (3) "ha[d] at least three prior convictions for [] violent felony offenses," the PSR classified him as an "armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." *See id.* ¶ 28 (Page ID #106). Accordingly, the PSR stated that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), required that Mitchell receive—at a minimum—a sentence of fifteen years of imprisonment for the felon-in-possession conviction. *See id.* ¶ 95 (Page ID #126). Section 4B1.1 of the U.S. Sentencing Guidelines designated Mitchell a "career offender," resulting in a guideline sentencing range of 188 months to 235 months of imprisonment. *See id.* ¶¶ 28, 96 (Page ID #106, 126).

Mitchell objected to the classifications based on his four prior felony convictions of domestic violence,[1] (*see* R. 27 (PSR at 34–35) (Page ID #132–33)), but nonetheless acknowledged that binding Sixth Circuit precedent, *United States v. Gatson*, 776 F.3d 405, 411 (6th Cir. 2015), holds that domestic-violence convictions under Ohio Revised Code § 2919.25(A) are qualifying predicate offenses under the ACCA § 924(e) and the Guidelines, (R. 29 (Def.'s Sentencing Mem.

---

[1]In light of his objection, Mitchell argued that his Total Offense Level should have been calculated at twenty-two, which would place him in the Guidelines range of sixty-three months to seventy-eight months. R. 27 (PSR at 35) (Page ID #133).

at 7) (Page ID #147)).  At sentencing, the district court also acknowledged *Gatson*'s binding effect.  R. 45 (Sentencing Hr'g Tr. at 23–24) (Page ID #244–45).  Bound by the mandatory minimum, the district court sentenced Mitchell to a term of incarceration of 180 months (fifteen years) for Count 1, and 120 months (ten years) for Count 2 to be served concurrently.  *Id.* at 44, 47 (Page ID #265, 268).

Mitchell timely appealed.  R. 35 (Def.'s Notice of Appeal) (Page ID #171).  He challenges the designation of his prior felony convictions of domestic violence as violent felonies and crimes of violence and the corresponding sentence.  The district court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction to hear Mitchell's appeal pursuant to 28 U.S.C. § 1291.

## II.  ANALYSIS

The ACCA mandates that an individual who violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony" shall be incarcerated for a minimum of fifteen years.  18 U.S.C. § 924(e)(1).  The Guidelines similarly recommend a longer sentence for "career offenders."  U.S. Sent'g Guidelines Manual § 4B1.1 (U.S. Sent'g Comm'n 2021).  Section 4B1.1 designates a defendant as a "career offender" if (1) they are "at least eighteen years old at the time" of the instant offense, "(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and (3) they have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  *Id.* § 4B1.1(a).  Under both the ACCA and the Guidelines, a prior offense qualifies as a "violent felony" or a "crime of violence" if it satisfies either the "elements clause" or the "generic clause."  *See* 18 U.S.C. § 924(e)(2)(B); USSG § 4B1.2(a).  The ACCA and Guidelines elements clauses, which are relevant here, are identical and define a "violent felony" or "crime of violence" as an offense that "has as an element

the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); USSG § 4B1.2(a)(1). Additionally, both schemes require that a predicate offense be punishable for more than one year of imprisonment. 18 U.S.C. § 924(e)(2)(B); USSG § 4B1.2(a).

Accordingly, in elements-clause cases, "we treat a holding that a crime is categorically a violent felony under the ACCA as controlling as to whether that same crime is a crime of violence under § 4B1.1." *United States v. Williams*, 655 F. App'x 419, 422 (6th Cir. 2016) (quoting *United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013)). "'[P]hysical force' means *violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Thus, "a predicate crime of violence must have as an element the threat, attempt, or actual use of force capable of causing physical pain or injury to another person." *United States v. Solomon*, 763 F. App'x 442, 444 (6th Cir. 2019).

We review de novo the district court's finding that a prior offense constitutes a crime of violence or a violent felony. *Manners v. United States*, 947 F.3d 377, 379 (6th Cir. 2020). In doing so, we apply a "categorical approach," in which "we 'focus on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance.'" *Id.* (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)). "We assume that the defendant was convicted based on the least culpable conduct criminalized under the predicate offense and then ask whether that conduct would satisfy the Guidelines' definition of 'crime of violence'" and the ACCA's definition of a violent felony. *United States v. Butts*, 40 F.4th 766, 770 (6th Cir. 2022) (quoting *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017)). "If, however, it is possible to violate the statute in a way that would constitute a 'violent felony'

and in way that would not, we then apply the 'modified categorical approach,' in which we consider certain judicial records . . . to assess whether the defendant pleaded guilty to a narrowed charge that would qualify as a violent felony." *United States v. Barnett*, 540 F. App'x 532, 535 (6th Cir. 2013).

Under Ohio Revised Code § 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Ohio defines "[p]hysical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Ohio Rev. Code Ann. § 2901.01(A)(3). A felony violation of § 2919.25(A) is either a "felony of the fourth degree" or "felony of the third degree," depending on a defendant's prior criminal history. *Id.* § 2919.25(D)(3)–(4). Both classes of felonies are "punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 924(e)(2)(B); USSG § 4B1.2(a); Ohio Rev. Code Ann. § 2929.14.

Mitchell argues that § 2919.25(A) does not have as "an element the threat, attempt, or actual use of force capable of causing physical pain or injury to another person," *Solomon*, 763 F. App'x at 444, because Ohio defines physical harm to include "physiological impairment" that can result absent violent force. *See* Appellant Br. 17–23. Mitchell nonetheless concedes that *Gatson* answered this very question when it held that a defendant's prior felony convictions of domestic violence under § 2919.25(A) were violent felonies under the ACCA. 776 F.3d at 410–11. Recognizing that *Gatson* controls, subsequent panels have continued to apply *Gatson* when considering domestic-violence convictions under § 2919.25(A). *See, e.g.*, *United States v. Melendez-Perez*, No. 20-3925, 2021 WL 3045781, at *2–3 (6th Cir. July 20, 2021); *Solomon*, 763

F. App'x at 445. We must do the same.[2] Accordingly, we hold that Mitchell's prior felony convictions of domestic violence in violation of Ohio Revised Code § 2919.25(A) are violent felonies under the ACCA's § 924(e) and crimes of violence under the Guidelines § 4B1.2, and Mitchell's sole challenge to his sentence fails.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[2]*Gatson* is binding precedent, although it has been criticized. *See, e.g.*, *Melendez-Perez*, 2021 WL 3045781 at *3 (Moore, J., concurring) ("I . . . note that the panel in *Gatson* 'read in an assumption of force that the statutory language does not include.'" (quoting *Solomon*, 763 F. App'x at 449 (Moore, J., concurring))).