**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

No. 21-7257

——————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

DEARNTA LAVON THOMAS, a/k/a Bloody Razor,

        Defendant – Appellant.

——————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, Senior District Judge. (2:11-cr-00058-RAJ-FBS-1; 2:21-cv-00147-RAJ)

——————————

Argued: October 24, 2023                          Decided: November 29, 2023

——————————

Before WILKINSON, AGEE, and RICHARDSON, Circuit Judges.

——————————

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Agee and Judge Richardson joined.

——————————

**ARGUED:** Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

——————————

WILKINSON, Circuit Judge:

Dearnta Lavon Thomas pleaded guilty in 2011 to possessing a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c), with the underlying crime of violence being VICAR assault with a dangerous weapon. Since his conviction, the Supreme Court has narrowed the kinds of crimes that can support a § 924(c) conviction. We must decide whether VICAR assault with a dangerous weapon is still one of them. Because we find that VICAR assault with a dangerous weapon remains a valid crime-of-violence predicate, we uphold Thomas's conviction.

I.

A.

Thomas was a founding member and "three-star general" of a street gang known as the Bounty Hunter Bloods/Nine Tech Gangsters. The gang sold drugs and engaged in violence around Southeast Virginia for almost eight years, until the United States Attorney for the Eastern District of Virginia took action in 2011. The resulting indictment charged eleven gang members with fifty-nine counts of firearm, drug, and racketeering offenses.

For his part, Thomas—who went by the nickname "Bloody Razor"—was charged with racketeering under 18 U.S.C. § 1962(c), violent crimes in aid of racketeering activity (VICAR) under 18 U.S.C. § 1959(a), possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c), possessing a firearm as a felon under § 18 U.S.C. § 922(g); and racketeering and drug conspiracy under 18 U.S.C. § 1962(d) and 21 U.S.C. § 846. Soon after the indictment, he pleaded guilty to a substantive racketeering offense

2

and, pertinent to this appeal, to possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c).

Thomas was sentenced to 60 months in prison for his racketeering conviction and the mandatory minimum of 120 months for his conviction under § 924(c). Though he did not directly appeal his conviction or his sentence, he has since filed several collateral 18 U.S.C. § 2255 motions to vacate his § 924(c) conviction in light of changes in the law.

### B.

In 2011, when Thomas pleaded guilty to violating § 924(c), the term "crime of violence" was defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) was commonly referred to as the "force" or "elements clause" and subsection (B) as the "residual clause," and felonies could qualify under either subsection. But in the years following Thomas's conviction, the Supreme Court decided a line of cases that would eventually narrow the class of offenses that could serve as predicate crimes of violence for a § 924(c) conviction, first by invalidating the residual clause and then by establishing a heightened mens rea for the remaining force clause.

In 2015, the Supreme Court began to take issue with residual clauses such as the one in § 924(c). It started with the Armed Career Criminal Act, which provides enhanced

3

punishment for repeat offenders of certain crimes. That Act included a force clause and residual clause quite similar to those in § 924(c). *See* 18 U.S.C. § 924(e)(2)(B). In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court invalidated the residual clause of the Act's definition of "violent felony" as unconstitutionally vague. *Id.* at 606. Three years later, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court relied on *Johnson* to invalidate the residual clause of the general federal "crime of violence" definition as well. *Id.* at 1223.

The Supreme Court then turned to the statute at issue here. In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended *Johnson* and *Dimaya* to invalidate the residual clause of § 924(c)'s "crime of violence" definition. *Id.* at 2336. After *Davis*, crimes can only qualify as § 924(c) predicates if they satisfy the force clause.

Finally, in *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality opinion), the Court held that to qualify as a "violent felony" for purposes of the Armed Career Criminal Act, an offense must have a mens rea greater than recklessness. *See id.* at 1821–22, 1825; *id.* at 1835 (Thomas, J., concurring). We have since held that this mens rea requirement also applies to crimes of violence under § 924(c). *See United States v. Jackson*, 32 F.4th 278, 283 & n.4 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1026 (2023).

As it stands now, to qualify as a crime of violence under § 924(c), an offense must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another" and that force must be applied with a mens rea greater than recklessness. Both of these things are necessary.

4

C.

This evolving crime-of-violence jurisprudence led Dearnta Lavon Thomas to file a series of § 2255 motions to vacate his § 924(c) conviction for lack of a valid crime-of-violence predicate.

Thomas filed his first § 2255 motion in 2018 based on the Supreme Court's decision in *Dimaya*. The district court denied the motion as untimely after noting that the rule applied in *Dimaya* had been set forth in *Johnson* three years earlier and that § 2255 motions must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Thomas sought authorization to file a second § 2255 motion soon after, though there had been no other changes in the law. That request we summarily denied.

But then came *Davis*. Thomas timely applied to file a successive § 2255 motion arguing that, after *Davis*, his § 924(c) conviction no longer rested on a valid crime of violence. In considering his request, we held that *Davis* applied retroactively to cases on collateral review and found that Thomas had stated a plausible claim that *Davis*'s holding required a different outcome in his case. *In re Thomas*, 988 F.3d 783, 792 (4th Cir. 2021). We thus authorized Thomas to file a *Davis*-based § 2255 motion with the district court.

In that post-*Davis* motion, Thomas argued that his § 924(c) conviction had to be vacated because the predicate crime underlying his conviction—VICAR assault with a dangerous weapon—could not satisfy the statute's force clause. He argued that because the VICAR offense was itself predicated on underlying Virginia firearm offenses, the court had to look through the VICAR offense to determine whether those predicate offenses met the

5

narrowed crime-of-violence definition. In other words, he argued that VICAR assault with a dangerous weapon can be a crime of violence only if its predicates are crimes of violence. The predicate Virginia firearm offenses at issue here, he claimed, were not.

The district court was not persuaded. It determined that the appropriate offense to analyze as the predicate for the challenged § 924(c) conviction was the VICAR offense itself, not the underlying state-law offenses. *Thomas v. United States*, 2021 WL 3493493, at *6 (E.D. Va. Aug. 9, 2021). The court then concluded that VICAR assault with a dangerous weapon remained a valid a crime-of-violence predicate and denied Thomas's motion. *Id.* at *6–7.

Thomas appealed the denial, noting that since filing his motion the Supreme Court had issued *Borden*, further limiting the crimes that can serve as predicates for § 924(c) convictions. We granted a certificate of appealability to answer two questions: (1) What is the proper analytical framework for determining whether VICAR assault with a dangerous weapon qualifies as a crime of violence under § 924(c)? And (2) did the predicate offense underlying Thomas's § 924(c) conviction still qualify? We review both questions de novo. *See United States v. Keene*, 955 F.3d 391, 393 (4th Cir. 2020) (reviewing de novo whether the VICAR statute requires a "look through" approach); *United States v. Bryant*, 949 F.3d 168, 172 (4th Cir. 2020) (reviewing de novo whether an offense qualified as a crime of violence).

II.

Thomas claims that his § 924(c) conviction must be vacated for lack of a valid crime-of-violence predicate. We disagree. The Supreme Court may have narrowed the

6

definition of "crime of violence" considerably, but VICAR assault with a dangerous weapon still easily qualifies. We see no need to "look through" the offense to its state-law predicates. For these reasons, we affirm the conviction.

A.

Thomas's § 924(c) conviction cannot stand without a valid crime-of-violence predicate to support it. But before we can decide whether the predicate offense underlying Thomas's conviction qualifies as a crime of violence, we need to determine with precision what the predicate offense is. We thus begin by establishing that Thomas's § 924(c) conviction was predicated on VICAR assault with a dangerous weapon. We then hold that VICAR assault with a dangerous weapon satisfies both the force clause and *Borden*'s mens rea requirement.

1.

Thomas's § 924(c) conviction was predicated on 18 U.S.C. § 1959(a), which sets forth a series of VICAR offenses ranging from threats to murder. Where, as here, the predicate statute sets forth multiple, alternative versions of a crime with distinct elements, we look to "the indictment, jury instructions, or plea agreement" to determine "which of the statute's alternative elements formed the basis of the defendant's prior conviction." *Bryant*, 949 F.3d at 173.

Thomas's plea agreement and the indictment reveal that the appropriate § 924(c) predicate here is VICAR assault with a dangerous weapon as laid out in § 1959(a)(3). Thomas was convicted under § 924(c) after pleading guilty to Count Four of the indictment. Count Four charged Thomas with "Possession of a Firearm in Furtherance of

7

a Violent Crime" in violation of 18 U.S.C. § 924(c)(l)(A) and § 18 U.S.C. § 2 (aiding and abetting), and alleged that he "did unlawfully and knowingly possess, brandish, and discharge a firearm, and did aid, abet, counsel, command, induce, and procure the commission of said offense, in furtherance of a crime of violence . . . to wit: violation of Title 18, United States Code, Section 1959, *as set forth and charged in Count Three.*" J.A. 37 (emphasis added). Count Three in turn charged Thomas with "Assault with a Dangerous Weapon in Aid of Racketeering Activity" under the VICAR statute, 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2, for his role in a failed robbery. J.A. 36–37.

Counts Three and Four, read together, make it clear that the predicate supporting Thomas's § 924(c) conviction was VICAR assault with a dangerous weapon.

### 2.

We thus turn to whether VICAR assault with a deadly weapon continues to qualify as a crime of violence under the force clause. To determine whether an offense qualifies as a "crime of violence" under the force clause, we use the categorical approach. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). That is, we "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *Id*. Here, "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Our precedents establish that VICAR assault with a dangerous weapon satisfies this standard.

The VICAR statute was added to the criminal code in Congress's Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Ch. X, Part A (Oct. 12, 1984). It stipulates the appropriate punishment for anyone who

> as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity . . . assaults with a dangerous weapon . . . any individual . . . in violation of the laws of any State or the United States . . . .

18 U.S.C. § 1959(a). Thus, the elements necessary for a conviction of VICAR assault with a dangerous weapon are: (1) that there exists a racketeering "enterprise"; (2) that the enterprise be engaged in "racketeering activity"; (3) that the defendant have committed an assault "with a dangerous weapon"; (4) that the assault have violated state or federal law; and (5) that the assault have been committed for a racketeering "purpose." *United States v. Manley*, 52 F.4th 143, 147 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 2436 (2023). Importantly, by pleading guilty to the § 924(c) offense charged in Count Four of the indictment, Thomas necessarily admitted each of these elements making up the predicate VICAR offense charged in Count Three. *See id.*

Our precedents establish that the inclusion of a dangerous-weapon element, like element three above, elevates an assault to a crime of violence for purposes of § 924(c). In *United States v. Bryant*, 949 F.3d 168 (4th Cir. 2020), we held that an "additional life-in-jeopardy-with-a-dangerous-weapon element transform[ed] . . . an assault into a crime of violence under the force clause." *Id.* at 180. There, the statute under consideration was 18 U.S.C. § 2114(a), which criminalizes assault with the "intent to rob, steal, or purloin"

9

property of the United States and provides enhanced punishment where the defendant puts a victim's "life in jeopardy by the use of a dangerous weapon." We reasoned that "[b]ecause assault requires at least *some* use or threatened use of force, . . . the 'use of a dangerous weapon to put the victim's life in jeopardy transforms the force into violent physical force.'" *Bryant*, 949 F.3d. at 181.

We recently applied our reasoning in *Bryant* to 18 U.S.C. § 111(b), which criminalizes assaults on certain federal officers and provides an enhanced punishment where the defendant "uses a deadly or dangerous weapon" in doing so. We held that "[b]ecause § 111(b) requires the use of a dangerous weapon—that is, an instrumentality used or threatened to be used in a manner to cause death or serious injury—and because § 111(a) requires that at least some force be used, the required level of force referenced by § 111(b) is violent force." *United States v. McDaniel*, — F.4th —, 2023 WL 6934544, at *8 (4th Cir. Oct. 20, 2023).

The considerations here are no different from those in *McDaniel* and *Bryant*. Indeed, the Sixth Circuit has come to the same conclusion. *See Manners v. United States*, 947 F.3d 377, 381–82 (6th Cir. 2020) (holding that precedents finding that § 2114(a) and § 111(b) satisfy the force clause were binding on the question of whether § 1959(a) VICAR assault with a dangerous weapon does as well). Like § 2114(a) and § 111(b), every VICAR assault with a dangerous weapon requires (1) an assault and (2) the presence of a dangerous weapon in its commission. *See* 18 U.S.C. § 1959(a). In light of *Bryant* and *McDaniel*, Thomas "cannot avoid the conclusion that the dangerous weapon element of § 1959(a)(3)

10

elevate[s] even the most minimal type of assault into violent force sufficient to establish this offense as a crime of violence." *Manners*, 947 F.3d at 382.

3.

In addition to satisfying the force clause, VICAR assault with a dangerous weapon satisfies *Borden*'s mens rea requirement because it cannot be committed recklessly. *See Borden*, 141 S. Ct. at 1825, 1828.

The VICAR statute complements the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., by addressing the "particular danger posed by those . . . who are willing to commit violent crimes in order to bolster their positions within [racketeering] enterprises." *United States v. Ayala*, 601 F.3d 256, 266 (4th Cir. 2010). Thus, a necessary element of any VICAR offense is that it be committed "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from" a racketeering enterprise or "for the purpose of gaining entrance to or maintaining or increasing position" in the racketeering enterprise. 18 U.S.C. § 1959(a).

This purposefulness requirement means that, to be guilty of VICAR assault with a dangerous weapon, the defendant must have committed the assault *for one of these purposes. See Manley*, 52 F.4th at 152–53 (Niemeyer, J., concurring). That satisfies *Borden*'s instruction that crimes of violence must involve purposeful or knowing conduct. "[W]hen a defendant assaults . . . to gain a personal collateral advantage with an enterprise, he makes a decision—a deliberate choice—to carry out the assault . . . to demonstrate his worth to the enterprise." *Id*. at 152 (Niemeyer, J., concurring).

11

The VICAR statute's purposefulness requirement applies to every offense in § 1959(a), including murdering and maiming. It would be indefensible to hold that a defendant who committed any of these crimes for the purpose of improving his position in a racketeering enterprise did so recklessly. VICAR offenses, including assault with a dangerous weapon, simply are not run-the-risk crimes—they are deliberate and purposeful machinations to raise one's clout in a criminal enterprise.

* * *

It remains only to summarize the components of the predicate VICAR offense, the elements of which Thomas admitted. *See* II.A.2. The actus reus was assault with a dangerous weapon. That was a violent act. The mens rea was one of focused purpose. That is a qualifying intent under *Borden*. Together the act and the purpose behind it plainly qualify as a crime of violence, and the § 924(c) conviction accordingly stands.

B.

Although VICAR assault with a dangerous weapon fits comfortably within the narrowed class of crimes that qualify as § 924(c) crimes of violence, Thomas would have us "look through" the VICAR statute to the state-law predicates underlying it. As "crimes in aid of racketeering," VICAR offenses themselves must be based on an underlying state or federal predicate. Count Three of the indictment listed the predicates for Thomas's VICAR offense as two Virginia state-law offenses: (1) use or display of a firearm in violation of Virginia Code § 18.2-53.1 and (2) brandishing in violation of § 18.2-282. Thomas argues that for his VICAR offense to qualify as a crime of violence, these underlying predicates must as well. This argument, however, conflates the predicate

12

requirements of § 924(c) (which requires that its predicate qualify as a crime of violence) and the VICAR statute (which does not).

To qualify as a "crime of violence" for purposes of § 924(c), an offense must "ha[ve] as *an* element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). The fact that the statute's text speaks so explicitly in terms of a single element is important. If one element of an offense satisfies the force clause, it becomes superfluous to inquire whether other elements likewise meet the requirement.

The VICAR statute makes it a crime to commit any of the statute's enumerated offenses "in violation of the laws of any State or the United States." 18 U.S.C. § 1959(a). We have interpreted this language to mean that one element of a VICAR conviction is that the defendant committed the enumerated federal offense, and another is that the defendant's conduct violated an independent state or federal law. *See Keene*, 955 F.3d at 398–99; *accord Manley*, 52 F.4th at 147. As established above, federal assault with a dangerous weapon easily qualifies as a crime of violence. That this element of VICAR assault with a dangerous weapon qualifies as a crime of violence is sufficient in and of itself to render the offense a crime of violence, we need not progress to the state-law predicates.*

---

* Other courts have been wrestling with this question and have taken different approaches. *Compare, e.g.*, *Alvarado-Linares v. United States*, 44 F.4th 1334, 1343 (11th Cir. 2022) (holding that, where the indictment alleged that VICAR murder was based on state-law predicates, the court must consider the underlying state-law predicates to determine whether they constitute crimes of violence), *with Manners v. United States*, 947 F.3d 377, 380–81 (6th Cir. 2020) (holding that VICAR assault with a dangerous weapon was itself a crime of violence without analyzing its predicates). As discussed at length above, we think that both the statutory text and our own precedents make clear that we need not look

13

That is not to say that courts can never look at the underlying state-law predicates. Indeed, we have done so in the past. *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 264 (4th Cir. 2019); *Manley*, 52 F.4th at 147–48 (looking to a state-law predicate where it had already been established as a valid crime of violence). But where, as here, the generic federal offense standing alone can satisfy the crime-of-violence requirements, courts need not double their work by looking to the underlying predicates as well.

Thomas's position would create a daisy chain of predicates and needlessly complicate our statutory task. It is hardly necessary to examine predicates to a predicate in a case where Congress and our precedents allow for a more straightforward approach. To require courts to "look through" the VICAR offense to the underlying state crimes in every instance would unnecessarily send them on a scramble through innumerable state laws across the circuit. There are enough complications in this field of jurisprudence without adding more to the heap.

### III.

The judgment of the district court is hereby affirmed.

AFFIRMED

---

through a VICAR offense to its predicate crimes when the enumerated offense itself suffices.

14