**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6273

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

ALLEN GILL, a/k/a Bam, a/k/a Bam-Bam,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:07-cr-00149-JKB-3; 1:16-cv-02749-JKB)

Submitted:  November 25, 2025                          Decided:  January 26, 2026

Before NIEMEYER and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant.  James Wyda, Federal Public Defender, Paresh S. Patel, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Government appeals the district court's order granting relief on Allen Gill's 28 U.S.C. § 2255 motion and vacating Gill's three convictions for use of a firearm in furtherance of a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j). We vacate the district court's order and remand with instructions to reinstate Gill's convictions.

"We review de novo a district court's grant or denial of a writ of habeas corpus on questions of law." *United States v. Hopkins*, 268 F.3d 222, 224 (4th Cir. 2001). "We also review de novo the legal question whether a particular criminal offense qualifies as a crime of violence under Section 924(c)." *United States v. Draven*, 77 F.4th 307, 313 (4th Cir. 2023); *see United States v. Green*, 67 F.4th 657, 660 (4th Cir. 2023) ("Section 924(j) adopts § 924(c)'s definition of a 'crime of violence.'").

Under § 924(j), "any person[] who, during and in relation to any crime of violence causes the death of a person through the use of a firearm, shall[,] . . . if the killing is a murder[,] be punished by death or by imprisonment." *United States v. Runyon*, 994 F.3d 192, 199 (4th Cir. 2021) (citation modified). "A crime of violence" is "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Draven*, 77 F.4th at 313 (citation modified, citing 18 U.S.C. § 924(c)(3)(A)). "In assessing whether a predicate offense satisfies the force clause of § 924(c)(3)(A), we examine whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force"—"that is,

2

force capable of causing physical pain or injury to another person." *United States v. Tipton*, 95 F.4th 831, 847 (4th Cir. 2024) (citation modified).

The crime of violence underlying each of Gill's § 924(j) convictions was murder in aid of racketeering, in violation of the Violent Crimes in Aid of Racketeering statute, 18 U.S.C. § 1959(a)(1) ("VICAR murder").

> VICAR murder requires: (1) there be an "enterprise," as defined in 18 U.S.C. § 1959(b)(2); (2) the enterprise be engaged in "racketeering activity," as defined in § 1961; (3) the defendant committed a murder; (4) the murder violated state or federal law; and (5) the murder was committed for a pecuniary purpose or for the purpose of gaining entrance to or maintaining or increasing position in the enterprise.

*United States v. Ortiz-Orellana*, 90 F.4th 689, 701 (4th Cir. 2024) (citation modified).[1] In his written plea agreement, Gill admitted that he had committed each alleged VICAR murder and that he had done so "willfully, deliberately, and with premeditation." (J.A. 75-76, 78-79).[2] In granting Gill's § 2255 motion, the district court concluded that Gill's § 924(j) convictions each lacked a valid predicate because "the VICAR murders . . . [were] predicated on violations of Maryland law" and "a violation of Maryland's murder law is not categorically a 'crime of violence' because, by including felony murder, it includes conduct that does not require more than recklessness and thus sweeps more broadly than the definition of 'crime of violence' under § 924(c)'s [force] clause." (J.A. 202).

---

[1] We previously held this appeal in abeyance pending a decision in *Ortiz-Orellana*. Following that decision, the Government moved for summary reversal, which Gill opposed. We deferred ruling on the motion. Because we are deciding this case with the benefit of full briefing from the parties, we deny the motion for summary reversal as moot.

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

But we have explained that "where . . . the generic federal offense standing alone can satisfy the crime-of-violence requirements, courts need not double their work by looking to the underlying predicates as well." *United States v. Thomas*, 87 F.4th 267, 275 (4th Cir. 2023). Thus, "we need only decide whether the generic federal murder offense enumerated in the VICAR statute qualifies as a § 924(c) 'crime of violence.'" *Tipton*, 95 F.4th at 850. And "VICAR murder constitutes a § 924(c) 'crime of violence.'" *Id.* at 848; *see id.* at 847-48. As we have explained:

> The murder element and the purpose element [of VICAR murder] mean there must be an intentional murder. That is, the murder must intentionally be committed for a pecuniary purpose or for the purpose of gaining entrance to or maintaining or increasing position in the enterprise. And pursuant to our precedents, it is beyond dispute that an intentional murder necessarily requires the use of violent force, in satisfaction of the § 924(c) force clause.

*Id.* at 847-48 (citation modified).[3] We therefore conclude that the district court erred by vacating Gill's § 924(j) convictions, as each conviction is supported by a valid predicate offense of VICAR murder.[4]

---

[3] The district court did not have the benefit of our decisions in *Thomas*, *Tipton*, and *Ortiz-Orellana* when it was considering Gill's motion.

[4] Gill contends that we can affirm on the alternative ground that his convictions are void because "VICAR Maryland murder . . . can be committed by a failure to act (i.e., omission)." This argument—namely, that an offense cannot categorically qualify as a crime of violence if it criminalizes the causation of a physical injury by a failure to act—is squarely foreclosed by binding precedent. *See Delligatti v. United States*, 604 U.S. 423, 429 (2025); *United States v. Hunt*, 99 F.4th 161, 179 (4th Cir. 2024). Thus, even if we were to accept Gill's assertions that he did not forfeit this argument and that *Tipton* is somehow not controlling, this alternative argument is unavailing.

4

Accordingly, we deny as moot the Government's motion for summary reversal, and we vacate the district court's order and remand with instructions to reinstate the vacated § 924(j) convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*